CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 26 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VINCENT LAMONT WOODHOUSE<br>    Plaintiff,<br><br>v.<br><br>UNIT MANAGER DUNCAN, et al.,<br>*in their individual and official capacities*,<br>    Defendants. | Civil Action No. 7:17-CV-00129<br><br>By: Hon. Michael F. Urbanski<br>Chief United States District Judge |

## MEMORANDUM OPINION

Vincent Lamont Woodhouse, a Virginia inmate proceeding pro se, commenced this civil action pursuant to 42 U.S.C. § 1983. Currently pending before the court is Woodhouse's motion for preliminary injunction, ECF No. 9, in which Woodhouse complains of his long-term placement in segregation housing, threats from inmates, and fear of sexual assault by prison officials. Woodhouse filed his original complaint on April 3, 2017, naming Duncan, Unit Manager; Kiser, Warden of Red Onion; Swiney, Unit Manager; and sixteen other prison officials as defendants in both their official and individual capacities.[1] In his complaint, Woodhouse asserts a claim for preliminary injunctive relief to order defendants to transfer him from segregation housing at Red Onion State Prison ("Red Onion") to the protective housing unit at Dillwyn Correctional Center ("Dillwyn"). ECF No. 1. Woodhouse subsequently filed four separate Declarations in Support of Plaintiff's Motion for Preliminary Injunction, ECF Nos. 9, 16, 29, 30, and the court construes this

---

[1] The factual allegations underlying Woodhouse's complaint were ably summarized in the report and recommendation issued by the magistrate judge. See ECF No. 42, at 1–8. These allegations remain largely unchanged despite Woodhouse's subsequently filed objections. Accordingly, the court will adopt the magistrate judge's summary of the facts.

claim as a motion for preliminary injunction. The motion was referred to United States Magistrate Judge Pamela Meade Sargent for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), who held a hearing on May 17, 2017. See ECF Nos. 10 & 22.

In her report and recommendation, issued on June 30, 2017, Judge Sargent recommended denying Woodhouse's motion for preliminary injunction. ECF No. 42. Judge Sargent found that Woodhouse failed to demonstrate that he is likely to suffer irreparable harm in the absence of preliminary injunctive relief, and accordingly recommended that his motion for preliminary injunction be denied. Id. at 10. In the June 30, 2017 Report and Recommendation, issued after the evidentiary hearing on May 17, 2017, Judge Sargent concluded:

> At this hearing, Woodhouse admitted that he was not in danger of injury by any other inmate since he had been returned to segregation housing. While he said that he feared assault by correctional officers, Woodhouse admitted that he had never been assaulted by correctional officers while housed in segregation at Red Onion. Woodhouse also testified that he feared that his mental health would continue to deteriorate in segregation housing. The party seeking preliminary injunctive relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). Woodhouse has made no such showing.

Report and Recommendation, ECF No. 42 at 9. On July 13, 2017, Woodhouse filed timely objections to the report and recommendation, and asked the court to reject the magistrate judge's findings for failure to recite certain facts submitted by Woodhouse through his declarations and testimony. Pl.'s Obj., ECF No. 46. For the reasons set forth below, the

2

court will overrule Woodhouse's objections and adopt the magistrate judge's report in its entirety.

I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007), cert. denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). "General objections that merely reiterate arguments presented to the

3

magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Techs., Inc., 747 F. Supp. 2d 827, 829 (W.D. Va. 2010) (citing Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008)), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statue does not require the judge to review an issue de novo if no objections are filed.").

Further, objections that only repeat arguments raised before the magistrate judge are considered general objections to the entirety of the report and recommendation. See Veney, 539 F. Supp. 2d at 845. As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

Id. at 846 (first brackets in original) (citing Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)). A plaintiff who reiterates his previously raised arguments will not be given "the second bite at the apple []he seeks." Id. Instead, his re-filed brief will be treated as a general objection, which has the same effect as a failure to object. Id.

## II.

Woodhouse lodged four objections to the report, two of which concern the magistrate judge's recitation of the facts. While the first two objections are specific enough to warrant de novo review, it is clear that Woodhouse simply disagrees with the magistrate

4

judge's recommendation and points to nothing materially different than what the report already considered and rejected.

In his first objection, Woodhouse claims that the magistrate judge failed to consider the four Declarations in Support of Preliminary Injunction, ECF Nos. 9, 16, 29, 30. This argument fails as the report correctly incorporates all of the Declarations' pertinent facts regarding Woodhouse's mental illness, hardships in segregation, and attempts to be placed in protective custody. ECF No. 42 at 2, 4-6.

Woodhouse's second objection argues that the magistrate judge failed to recite "vital information" concerning his testimony that he was sexually and physically assaulted by Unit Manager Swiney and Captain Franklin, who is not a named defendant, while housed at Wallens Ridge State Prison because those officials now work at Red Onion. Pl.'s Obj., ECF No. 46 at 1. While it is true that Captain Franklin is not mentioned in the report, it is immaterial. At the motion hearing held on May 17, 2017, Woodhouse clearly testified that he was not sexually assaulted by Captain Franklin since being housed at Red Onion, and the time that he was assaulted by both officials occurred once in 2012 at Wallens Ridge. Oral Argument at Mot. Hrg. at 1:32. The magistrate judge indeed recites such facts on page 7 of her report, identifying Woodhouse's 2012 complaint under the Prison Rape Elimination Act against Swiney and "three other officials when he was housed at Wallens Ridge." Further, the magistrate judge discusses how Swiney now works at Red Onion. ECF No. 42 at 7. Accordingly, the magistrate judge's report recites the material facts that Woodhouse claims were not addressed.

5

The remainder of Woodhouse's objections concerns the magistrate judge's consideration of the facts in finding that Woodhouse has not shown he is likely to suffer irreparable harm. In his third objection, Woodhouse takes issue with the sentence on page 7 of the magistrate judge's report, which states: "[Woodhouse] said that correctional officers had threatened him with future beatings as a result of him filing suit. He did not, however, identify these individuals or testify to any of the circumstances surrounding these alleged threats." Pl.'s Obj., ECF No. 46 at 1. Woodhouse asserts that the magistrate judge's report is incorrect because Swiney told him "what do you think will happen when this lawsuit is over...I will show you deliberate indifference." Pl.'s Obj., ECF No. 46 at 1. This statement is insufficient to provide a basis for preliminary injunctive relief as the simple fact remains that since his transfer to Red Onion, Woodhouse has not been assaulted by any correctional officer and is protected from assaults from other inmates while in segregated housing.

In his fourth objection, Woodhouse stresses that while in segregation at Red Onion, he remains at risk for "future beatings, sexual assaults and risk of suicide." Pl.'s Obj., ECF No. 46 at 1. Again, these fears are entirely speculative as Woodhouse has not experienced any assaults by prison officials since his transfer to Red Onion. Further, Woodhouse's alleged harms of being assaulted by other prison inmates is sufficiently addressed while housed in segregation, as this type of housing precludes any interaction with other inmates. In order to obtain preliminary injunctive relief, Woodhouse must make a clear showing of immediate irreparable injury. "[T]he required irreparable harm must be neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991)(internal quotations and citations omitted). As the magistrate

judge correctly concluded, Woodhouse has failed to demonstrate any immediate irreparable injury sufficient to warrant preliminary injunctive relief.

### III.

The court has reviewed the magistrate judge's thorough report, as well as Woodhouse's objections to the report, and finds no error in the magistrate judge's finding that Woodhouse is not entitled to a preliminary injunction. In order for a court to grant a preliminary injunction, a movant must show (1) he will likely succeed on the merits, (2) he will suffer irreparable harm in the absence of the injunction; (3) the balance of equities weighs in his favor; and (4) such relief would be in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Because Woodhouse is a pro se litigant, the court is required to liberally construe his arguments. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a preliminary injunction is an extraordinary remedy and a movant seeking such remedy carries a substantial burden. See Munaf v. Geren, 553 U.S. 674, 689-90 (2008). Woodhouse can show no facts to establish that he is entitled to an injunction under the four-part test, and his objections do not inform a finding contrary to that in the magistrate judge's report and recommendation. Because his objections simply make the bare assertion that he is likely to suffer irreparable harm, he has failed to make a showing that he is entitled to injunctive relief. Accordingly, the court **ADOPTS** the report and recommendation, ECF No. 42, in its entirety, and **DENIES** Woodhouse's motion for preliminary injunction, ECF No. 9.

An appropriate Order will be entered.

Entered: 12/22/2017

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge