CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 27 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| VINCENT LAMONT WOODHOUSE, ) | Civil Action No. 7:17-cv-00129 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | MEMORANDUM OPINION | |
| ) | | |
| DUNCAN, et al., ) | By: Hon. Michael F. Urbanski | |
| Defendants. ) | Chief United States District Judge | |

Vincent Lamont Woodhouse, a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983 against defendants associated with the Virginia Department of Corrections ("VDOC") and the Red Onion State Prison. Plaintiff asserts various claims related to prison officials' decisions to house him in segregation. Currently pending before the court is Defendants' motion for summary judgment, which had been referred to a United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

In the report and recommendation issued on January 10, 2018, the Magistrate Judge recommended that the court grant Defendants' motion for summary judgment. The Magistrate Judge concluded, based on the evidence in the record and produced during an evidentiary hearing, that Plaintiff had failed to exhaust available administrative remedies before commencing this action in accordance with 42 U.S.C. § 1997e(a). Plaintiff objected to the report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). For the reasons explained below, the court overrules the objections, adopts the report and recommendation, and grants Defendants' motion for summary judgment.

A district court must review de novo any part of a report and recommendation to which a party objects, and it must provide its independent reasoning when a party raises new evidence or a new argument in an objection. 28 U.S.C. § 636(b)(1)(C); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The reasoning need not be elaborate or lengthy, but it must provide a specific

rationale that permits meaningful appellate review. See, e.g., United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). However, de novo review is not required when objections concern legal issues and not factual issues. See, e.g., Orpiano, 687 F.2d at 47. Notably, de novo review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. A district court is also not required to review any issue when no party objects. See, e.g., Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

The Fourth Circuit has held that an objecting party must object "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. Furthermore, objections that only repeat arguments raised before a magistrate judge are considered general objections to the entirety of the report and recommendation, which has the same effect as a failure to object. Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008), aff'd, 498 F. App'x 268 (4th Cir. 2012).

De novo review is precluded for Plaintiff's objections because none of them constitutes a valid, specific objection to the findings of facts and conclusions of law in the report and recommendation. Plaintiff's first two objections complain about how the VDOC's grievance policy is drafted. The third and fourth objections ostensibly inquire into the Magistrate Judge's

legal authority to resolve credibility and factual disputes about the exhaustion of available administrative remedies instead of a jury. Consequently, the first and second objections do not direct the court to a specific error in the report and recommendation and are deemed general and conclusory, and the third and fourth objections present a legal issue only. As the final objection, Plaintiff simply recites the uncontroverted evidence that the grievance coordinator violated prison policy by responding to a grievance in three business days instead of two, and he then cites a case from the Seventh Circuit Court of Appeals. This last objection, at best, only suggests a legal conclusion. On these bases alone, Plaintiff's objections do not warrant de novo review.

Nonetheless, Plaintiff would not be afforded relief even if the court analyzes these invalid objections. They are both unpersuasive and invalid.

As to the first and second objections, the VDOC policy clearly explains that proper exhaustion requires the submission of a regular grievance that is accepted at intake and then appealed to highest levels of review. Appealing an intake decision that rejected a regular grievance does not constitute valid exhaustion. See Jackson v. Barksdale, Civil Action No. 7:17cv00031, 2017 U.S. Dist. LEXIS 126723, at *19, 2017 WL 3446259, at *3 (W.D. Va. Aug. 10, 2017) (recognizing a regular grievance's rejection at intake, even if appealed, does not constitute exhaustion, and to qualify as such, it must be resubmitted, accepted, and appealed to the highest level), aff'd, 707 F. App'x 786 (4th Cir. 2018). An administrative remedy process does not become "unavailable" when an inmate does not comply with procedural rules. Woodford v. Ngo, 548 U.S. 81, 95 (2006). Notably, the policy does not limit the number of attempts to correctly file a regular grievance that would be accepted at intake.

As to the third and fourth objections, Plaintiff wants a jury to resolve credibility and factual disputes about exhaustion of available administrative remedies. However, a court may

3

resolve that issue on its own and without a jury. Lee v. Willey, 789 F.3d 673, 677 (6th Cir. 2015); Messa v. Goord, 652 F.3d 305, 308 (2d Cir. 2011); Drippe v. Tobelinski, 604 F.3d 778, 782, 785 (3d Cir. 2010); Dillon v. Rogers, 596 F.3d 260, 272 (5th Cir. 2010); Bryant v. Rich, 530 F.3d 1368, 1375-77 & n.15 (11th Cir. 2008); Pavey v. Conley, 544 F.3d 739, 741 (7th Cir. 2008); Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166, 1170-71 (9th Cir. 2014) (en banc). Plaintiff's preference does not deprive the court of this ability.

As to the final objection, Plaintiff does not establish that the brief delay to reject the grievance at intake made administrative remedies unavailable. See, e.g., Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011) (noting when the burden shifts to a plaintiff to show, by a preponderance of the evidence, that exhaustion occurred or administrative remedies were unavailable through no fault of the plaintiff). The grievance coordinator explained during the evidentiary hearing that, "under the policy, regardless of what day [she] rejected it and returned it [to Plaintiff], [Plaintiff's] appeal period beg[an] when he receive[d] the rejection. . . ." Evid. Hr'g Tr. 89:1–4. Thus, the error would not have "in any way impede[d] his ability to appeal the intake decision" or to refile a regular grievance. Id., 71:1–74:5. Moreover, Plaintiff had disclaimed the notion that a fear of retaliation made remedies unavailable. Id., 97:13 – 98:16. Accordingly, Plaintiff fails to carry his burden to show that the brief delay prevented him from resubmitting a grievance or somehow made "the process that exists on paper become[] unavailable in reality." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006).

For the foregoing reasons, the court overrules Plaintiff's objections, adopts the report and recommendation, and grants Defendants' motion for summary judgment.

**ENTER**: This 27th day of March, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge